# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOAN MARASEK,<br><br>        Plaintiff,<br><br>v.<br><br>206 COURTHOUSE LANE LLC, *et al.*,<br><br>        Defendants. | Civil Action No. 3:17-cv-12299 (PGS) (LHG)<br><br>MEMORANDUM<br>AND ORDER |

This matter is before the Court on the motions to dismiss brought by Ocean County Chancery Division, State of New Jersey, and Superior Court of New Jersey (ECF No. 12); Defendant County of Ocean's motion to dismiss (ECF No. 13); and an "emergent motion to halt & hold in abeyance & all Defendants' impending dismissal motions & Defendants' related motions, and other relief sought herein" brought by Plaintiff (ECF No. 26).

Plaintiff filed a bare bones complaint alleging that Plaintiff, Joan Marasek, is an "individual with disabilities . . . who is permanently disabled and wheelchair bound as a direct result of an accident at the Courthouse; and she has "encountered at the subject property unreasonably dangerous conditions for the handicapped that exist at this (privately owned) courthouse." (Compt. ¶ 6). Then, the Complaint recites to the Defendants with little specificity except that each is a public entity and/or a "Lessee of the Courthouse" (Compt. ¶¶9-12). Plaintiff alleges that "Defendant (without identifying which one) has discriminated . . . . against Plaintiff in violation of the ADA by failing to have accessible [facilities]." According to Plaintiff, the violation that she "personally encountered" was that the parking lot was "not close to the Courthouse." (Compt. ¶16. She alleges:

### Parking and Exterior Accessible Route

a) Parking spaces are not close to the Courthouse. The public parking lot is relatively far from the courthouse entrance. There is no handicap spaces anywhere near the courthouse building. The only parking spaces close to the courthouse were all reserved for several attorneys, some who are principals of the Defendant 206 Courthouse Lane, LLC.

Finally, in the her prayer for relief, Ms. Marasek seeks "judgment for treble damages and attorney fees, litigation expenses and costs pursuant to the violation of the ADA Act and because of the personal injury she suffered."

Since Plaintiff is proceeding as a pro se litigator, the Court reads a Plaintiff's complaint liberally and holds it "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted). However, "a *pro se* plaintiff is not exempt from his burden of providing some affirmative evidence, i.e. not just mere allegations, to establish a prima facie case, and to show that there is a genuine dispute for trial." *Niblack v. Murray*, No. 12-69 10, 2016 U.S. Dist. LEXIS 99325, at *7 (D.N.J. July 29, 2016) (citing *Barnett V. NJ. Transit Corp.*, 573 F. App'x 239, 243 (3d Cir. 2014)).

### III.

Although Defendants argue that the Complaint should be dismissed for three reasons (1) Plaintiff lacks standing; (2) the Eleventh Amendment bars the suit against the State of New Jersey; and (3) Plaintiff does not allege any discrimination, the Court will dismiss the Complaint for another reason. That is, Plaintiff's complaint does not set forth a clear plain statement of a cause of action. Fed. R. Civ. P. 8(a). The complaint does not state her disability, it does not

allege any facts showing discrimination, it does not allege the precise nature of the ADA violation, and it does not relate the discrimination to each individual defendant. For this reason, the Complaint is dismissed.

### ORDER

The Court having carefully reviewed and taken into consideration the submissions of the parties, as well as the arguments and exhibits therein presented, and for good cause shown, and for all of the foregoing reasons,

IT IS on this ____8____ day of November, 2018,

ORDERED that State Defendants' Motion to Dismiss (ECF No. 12) is granted; and it is further

ORDERED that the motions to dismiss by Ocean County and the Municipality of Toms River are granted (ECF No. 13); and it is further

ORDERED that Plaintiff's motion (ECF No. 26) is denied; and it is further

ORDERED that Plaintiff may file an amended complaint on or before December 7, 2018.

_____
PETER G. SHERIDAN, U.S.D.J.