# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| Joan Marasek,<br><br>    Plaintiff,<br><br>v.<br><br>206 Courthouse Lane, LLC, *et al.*,<br><br>    Defendants. | Civil Action No.<br>3:17-cv-12299 (PGS) (LHG)<br><br>**MEMORANDUM<br>AND ORDER** |

**SHERIDAN, U.S.D.J.**

This matter comes before the Court on two motions to dismiss: one filed by Defendant Ocean County (ECF No. 44) and another filed by Defendants State of New Jersey; Superior Court of New Jersey; Superior Court of New Jersey, Ocean Vicinage, Chancery Division (ECF No. 50)[1]. Plaintiff has also filed a cross-motion for sanctions and for denial of Defendants' motions. (ECF No. 72). In addition, Plaintiff has filed what she calls an "emergent bifurcated application seeking to correct the record pursuant to Plaintiff's pleading filed with the Court on May 31, 2019." (Plaintiff's Motion to Correct the Record, ECF No. 83 at 1).

## FACTS

According to the allegations in Plaintiff's amended complaint, "on November 30, 2016, Plaintiff arrived at the State's courthouse in Toms River, New Jersey." (Amended Complaint

---

[1] The State of New Jersey, the Superior Court of New Jersey and Superior Court of New Jersey, Ocean County, Chancery Division, are referred to herein as the State.

("AC"), ECF No. 32 at 9). As Plaintiff approached the courthouse, her "mobility scooter flipped over and Plaintiff shattered her ankle." (*Id.*).

Plaintiff alleges that the incident was caused because there are no accessible handicap parking spaces in close proximity to the subject courthouse. (*Id.*). However, she also alleges that "the uneven and broken sidewalks impaired access to the courthouse entrance." (*Id.*). There is a parking lot adjacent to the courthouse, but it is privately owned. (*Id.* at 10).

Further, Plaintiff alleges that "the only parking spaces in close proximity to the [c]ourthouse are those 'reserved' and 'assigned' to . . . attorneys." (*Id.* at 11). "The public parking lot is relatively far from the [c]ourthouse entrance." (*Id.* at 13). Plaintiff claims the courthouse has "an unreasonably dangerous and unsafe condition for the handicapped." (*Id.*).

Plaintiff claims she underwent surgery because of the accident, which left her "bed-ridden and wheelchair bound." (*Id.* at 9). She allegedly suffers from "severe osteoarthritis" and is in constant pain. (*Id.*). Plaintiff claims she has incurred medical bills "for acute care physical rehabilitation, rental of special handicap van vehicles, as well as purchasing wheelchairs, ramps, and related disability devices." (*Id.* at 13). As such, she says she "urgently requires handicap housing" and "a special handicap accessible wheelchair van." (*Id.*).

Plaintiff's eleven-count complaint alleges: violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 1281, *et seq.* (count one); discrimination on the basis of disability, in violation of the ADA (count two); "range of defendants' violations of the ADA" (count three); breach of fiduciary duty (count four); negligence (count five); civil conspiracy/aiding and abetting (count six); unconscionability (count seven); federal statutory protection of access to state, local, and federal courts (count eight); federal ADA access to the courts (count nine); federal statutory

protection of access to state, local, and federal courts (count ten); and the United States Department of Justice implementation of Title II of the ADA (count eleven).

## LEGAL ANALYSIS

On a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), the Court is required to accept as true all allegations in the Complaint and all reasonable inferences that can be drawn therefrom, and to view them in the light most favorable to the non-moving party. *See Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384 (3d Cir. 1994). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While a court will accept well-pleaded allegations as true for the purposes of the motion, it will not accept bald assertions, unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. *Iqbal*, 556 U.S. at 678-79; *see also Morse v. Lower Merion School District*, 132 F.3d 902, 906 (3d Cir. 1997). A complaint should be dismissed only if the well-pleaded alleged facts, taken as true, fail to state a claim. *See In re Warfarin Sodium*, 214 F.3d 395, 397-98 (3d Cir. 2000).

Where, as here, plaintiff is proceeding *pro se*, the Court should read plaintiff's complaint generously and hold it "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted). However, "a *pro se* plaintiff is not exempt from his burden of providing some affirmative evidence, i.e. not just mere allegations, to establish a prima facie case, and to show that there is a genuine dispute for trial." *Niblack v. Murray*, No. 12-6910, 2016 U.S. Dist. LEXIS 99325, at *7 (D.N.J. July 29, 2016) (citing *Barnett v. N.J. Transit Corp.*, 573 Fed. App'x 239, 243 (3d Cir. 2014)).

## ADA Title II

"To successfully state a claim under Title II of the ADA, a person 'must demonstrate: (1) he is a qualified individual; (2) with a disability; (3) [who] was excluded from participation in or denied the benefits of the services, programs, or activities of a public entity, or was subjected to discrimination by any such entity; (4) by reason of his disability.'" *Haberle v. Troxell*, 885 F.3d 170, 178 (3d Cir. 2018) (quoting *Bowers v. Nat'l Collegiate Athletic Ass'n*, 475 F.3d 524, 553 n.32 (3d Cir. 2007)). "[T]he ADA prohibits discrimination against an individual '*by reason* of such disability.'" *New Directions Treatment Servs. v. City of Reading*, 490 F.3d 293, 300 n.4 (3d Cir. 2007) (quoting 42 U.S.C. § 12132). The ADA requires "but for causation." *Id.*

Fatal to Plaintiff's complaint is her failure to allege that Defendants' actions were the cause of her injury. Plaintiff's complaint states that the cause of the alleged incident was "broken curbs, cracked pavement, and irregular and uneven . . . pavement, among other things." (AC at 2). Although Plaintiff alleges the lack of handicap access to the courthouse or the location of the handicap parking spaces caused the incident, (*See id.* at 9), this allegation is conclusory and implausible in light of the sum of the factual allegations in the complaint.

Moreover, the subject of Plaintiff's complaint with regard to the parking spaces, is a privately-owned lot located adjacent to the courthouse. (AC at 10). Plaintiff alleges that the lot is owned by Defendant 206 Courthouse Lane, LLC. (*Id.*). The ADA does not give Plaintiff "the right to park [her] car in an area that would not be available to [her] if [she] were not disabled." *Douris v. Newtown Borough, Inc.*, 207 Fed. App'x 244 (3d Cir. 2006); *Kornblau v. Dade County*, 86 F.3d 193, 196 (11th Cir. 1996). Because the moving Defendants do not own the lot at issue, they cannot be required to provide Plaintiff access to this lot.

In addition, the complaint does not state what disability she suffered from prior to the incident and Ms. Marasek does not allege facts showing discrimination. Therefore, Plaintiff's claims under Title II of the ADA (counts two, three, eight, nine, ten, and eleven) are dismissed.

### Title III of the ADA

In count one, Plaintiff alleges Defendants violated Title III of the ADA. However, a "claim under Title III can only be asserted against a private entity engaged in the provision of public accommodations, such as an inn, hotel, or restaurant." *Falchenberg v. New York State Dept. of Educ.*, 642 F. Supp. 2d 156, 165 (S.D.N.Y. 2008). "ADA Title III expressly does not apply to public entities, including local governments." *Id.* (quoting *Bloom v. Bexar County*, 130 F.3d 722, 726 (5th Cir. 1997)). The definition of "public entity" includes "any State or local government" and "any department, agency, special purpose district, or other instrumentality of a State or States or local government." 42 U.S.C. § 12131(1)(A), (B). Defendants clearly fall within the ADA's definition of "public entity" and therefore are not subject to Title III.

### Additional Counts

Plaintiff also pleads additional state law claims. The Court, in its discretion, declines to exercise supplemental jurisdiction over these claims. *Hudson United Bank v. LiTenda Mortgage Corp.*, 142 F.3d 151 (3d Cir. 1988). As such, counts four, five, six, and seven are dismissed without prejudice. For the reasons stated, the Court shall dismiss Plaintiffs claims against the moving Defendants. Any further amendment would be futile. As such, dismissal shall be with prejudice.

### Plaintiff's Cross-Motion

Plaintiff has also filed a cross motion seeking both sanctions and denial of Defendants' motions. Federal Rule of Civil Procedure 11 requires an attorney who signs a complaint to certify both that it is not interposed for improper purposes, such as delay or harassment, and that there is

a reasonable basis in law and fact for the claim." *Napier v. Thirty or More Unidentified Federal Agents, Employees or Officers*, 855 F.2d 1080, 1090 (3d Cir. 1988). The rule "was designed to discourage the filing of frivolous, unsupported, or unreasonable claims." *Acevedo v. Monsignor Donovon High Sch.*, 2006 WL 2594877 (D.N.J. Sept. 11, 2006). "The legal standard is one of reasonableness under the circumstances." *Gaiardo v. Ethyl Corp.*, 835 F.2d 479, 482 (3d Cir. 1987). "The district court has substantial discretion to determine the nature and extent of a sanction." *Napier*, 855 F.2d at 1091. "[I]f evidentiary support is not obtained after a reasonable opportunity for further investigation or discovery, the party has a duty under the rule not to persist with that contention." Fed. R. Civ. P. 11 (1993 Advisory Committee Note). The Court, in its discretion, finds that sanctions are inappropriate.[2]

## Plaintiff's Motion to Hold in Abeyance

Plaintiff has also filed an "emergent bifurcated application seeking to correct the record pursuant to Plaintiff's pleading filed with the Court on May 31, 2019." (Plaintiff's Motion to Correct the Record, ECF No. 83 at 1). In this application, it appears that Plaintiff seeks to correct a prior submission by adding an exhibit (filed May 31, 2019 at ECF No. 80). In both the prior submission and the current one, Plaintiff seeks the Court to hold its decision in this action "in abeyance." Said request was denied in a prior application. (ECF No. 82). For the reasons stated in this Court's prior order, this application is denied.

## ORDER

For the reasons stated herein and for good cause shown;

**IT IS** on this 30th day of July, 2019;

---

[2] In addition, Plaintiff's cross motion to deny Defendants' motions to dismiss is denied for the reasons stated in this opinion.

**ORDERED** that the motion to dismiss filed by Defendant Ocean County (ECF No. 44) is granted with prejudice; and it is further

**ORDERED** that the motion to dismiss filed by Defendants State of New Jersey; Superior Court of New Jersey; and Superior Court of New Jersey, Ocean Vicinage, Chancery Division (ECF No. 50) is granted with prejudice; and it is further

**ORDERED** that the following defendants are dismissed from this action: Ocean County; State of New Jersey; Superior Court of New Jersey; and Superior Court of New Jersey, Ocean County, Chancery Division; and it is further

**ORDERED** that Plaintiff's motion for sanctions and for denial of Defendants' motion (ECF No. 72) is denied; and it is further

**ORDERED** that Plaintiff's application to correct the record (ECF No. 83) is granted in part and denied in part as follows:

- To the extent Plaintiff seeks to have the Court consider Exhibit A, which was not attached to Plaintiff's prior submission, the Court has considered that exhibit.
- Plaintiff's request to have the Court hold its decision in abeyance is denied for the reasons stated in this Court's June 17, 2019 order (ECF No. 82).

_/s/ Peter G. Sheridan_
PETER G. SHERIDAN, U.S.D.J.