# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOAN MARASEK,<br><br>*Plaintiff*,<br><br>v.<br><br>206 COURTHOUSE LANE, *et al.*<br><br>*Defendants*. | Civil Action No.: 17-cv-12299 (PGS)(LHG)<br><br>**MEMORANDUM<br>AND ORDER** |

**SHERIDAN, U.S.D.J.**

This matter comes before the Court on a motion for summary judgment filed by Defendant 206 Courthouse Lane LLC aka and dba 206 Courthouse LLC ("Defendant" or "206 Courthouse LLC"). (ECF No. 88). In this action, Plaintiff Joan Marasek ("Plaintiff") alleges that Defendant, a privately-owned company that owns and leases property to the County of Ocean, failed to provide parking for disabled persons as required under The American with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101, *et seq*. Defendant has moved for summary judgement arguing, *inter alia*, that it was not required under the ADA to provide Plaintiff with a parking spot because one would not have been available to her if she were not disabled.

Plaintiff twice failed to appear at oral argument, or otherwise properly oppose Defendant's motion for summary judgment, due to her spouse's illness. At the second scheduled oral argument, defense counsel argued that since no opposition was submitted, this action should be dismissed for, *inter alia*, Plaintiff's failure to prosecute. For the reasons stated herein, this action is dismissed pursuant to the substantive merits of Defendant's summary judgment motion, as well as for Plaintiff's failure to prosecute.

## I.

Plaintiff contends that she is an individual with a disability who was deprived of parking at a courthouse facility housing the County of Ocean.[1] (Defendant's Undisputed Statement of Facts ¶ 1). Defendant is the owner of the property where the courthouse operates, which it leases to the County of Ocean. (*Id.* ¶¶ 5, 6). According to the State of New Jersey's Division of Revenue and Enterprise Services' database, Defendant is a private New Jersey limited liability corporation incorporated on September 12, 2000 in Seaside Park, New Jersey.

A lease agreement between Defendant and the County of Ocean dated December 1, 2015 (the "Lease") governs the terms of the County of Ocean's tenancy of the property. (*See* Brief in Support of Defendant's Motion for Summary Judgment ("Moving Br."), Ex. B, Dkt. No. 88-1). Article VI of the Lease, titled "PARKING SPACES," states: "Landlord [Defendant] secured three (3) parking spaces for the Premises. Tenant agrees to rent three (3) parking spaces at an additional $150.00 per space per month." (*Id.* at 4) (hereinafter referred to as "Parking Spaces").

The Parking Spaces are reserved for a judge and two administrative employees. (Moving Br. at 6 of 8; Response to Plaintiff's Demand for Production of Documents on Behalf of Defendant 20 Court House LLC, Ex. C).

Defendant did not own the parking lot in which the Parking Spaces were located. (Moving Br. at 6 of 8). The lot has a private owner that is not a party to this action. (*Id.*).

Defendant did not provide the County of Ocean any parking areas aside from the Parking Spaces. (*Id.*). There is, however, public parking 150 feet from the courthouse which includes spaces accessible to Plaintiff. (*See* Defendant's Undisputed Statement of Facts ¶ 9).

---

[1] Since Plaintiff failed to properly oppose Defendant's motion for summary judgment, Defendant's Statement of Facts will be considered undisputed for purposes of adjudicating the motion. Fed. R. Civ. P. 56(e)(2).

Following discovery, on August 15, 2019, Defendant moved for summary judgment. (ECF No. 88). The Court scheduled oral argument on the motion for October 17, 2019 via teleconference. On the same day, however, Plaintiff advised the Court that she was unable to participate but expressed a desire to oppose Defendant's motion, even though she failed to submit any opposition. Accordingly, the Court adjourned the hearing to December 16, 2019 and provided Plaintiff with an opportunity to file an opposition brief by November 8, 2019. (ECF No. 95). Plaintiff never filed a response. Rather, on December 13, 2019, or one business day before the hearing's new date, the Court received a facsimile correspondence from Plaintiff advising that she will not be appearing and indicating that she did not (but still wished to) file an opposition. (*See* ECF No. 98). In that correspondence, Plaintiff also requested that the Court stay or hold the matter in abeyance for at least four months or more, or until at least April 16, 2020, or later. (*Id.*) The Court denies both requests.

## I.  <u>**Summary Judgment Dismissal is Warranted**</u>

The Court finds that Defendant is entitled to summary judgment dismissal of all claims. Summary judgment is appropriate under Fed. R. Civ. P. 56(c) when the moving party demonstrates that there is no genuine issue of material fact and the evidence establishes the moving party's entitlement to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). A factual dispute is genuine if a reasonable jury could return a verdict for the non-movant, and it is material if, under the substantive law, it would affect the outcome of the suit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence "is to be believed and all justifiable inferences are to be

drawn in his favor." *Marino v. Indus. Crating Co.,* 358 F.3d 241, 247 (3d Cir. 2004) (quoting *Anderson,* 477 U.S. at 255).

Once the moving party has satisfied its initial burden, the party opposing the motion must establish that a genuine issue as to a material fact exists. *Jersey Cent. Power & Light Co. v. Lacey Twp.,* 772 F.2d 1103, 1109 (3d Cir. 1985). The party opposing the motion for summary judgment cannot rest on mere allegations and instead must present actual evidence that creates a genuine issue as to a material fact for trial. *Anderson,* 477 U.S. at 248; *Siegel Transfer, Inc. v. Carrier Express, Inc.,* 54 F.3d 1125, 1130-31 (3d Cir. 1995). "[U]nsupported allegations . . . and pleadings are insufficient to repel summary judgment." *Schoch v. First Fidelity Bancorp.,* 912 F.2d 654, 657 (3d Cir. 1990).

Moreover, only disputes over facts that might affect the outcome of the lawsuit under governing law will preclude the entry of summary judgment. *Anderson,* 477 U.S. at 247-48. If a court determines, "after drawing all inferences in favor of [the non-moving party], and making all credibility determinations in his favor . . . that no reasonable jury could find for him, summary judgment is appropriate." *Alevras v. Tacopina,* 226 Fed. App'x 222, 227 (3d Cir. 2007).

Although *pro se* pleadings are "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted), "a *pro se* plaintiff is not exempt from his burden of providing some affirmative evidence, *i.e.* not just mere allegations, to establish a *prima facie* case, and to show that there is a genuine dispute for trial." *Niblack v. Murray,* No. CV126910MASTJB, 2016 WL 4086775, at *2 (D.N.J. July 29, 2016) (citing *Barnett v. N.J. Transit Corp.,* 573 F. App'x 239, 243 (3d Cir. 2014)). Further, "[e]ven though a court will often be more lenient with *pro se* litigants, such litigants 'cannot be excused from compliance with the plain text of the federal rules

and court orders.'" *Gilligan v. Cape May Cty. Corr.*, No. CIV 05-1177 RMB, 2006 WL 3454864, at *2 (D.N.J. Nov. 28, 2006) (citation omitted).

    i.    <u>Title II of the ADA</u>

Plaintiff brings several claims purportedly arising under Title II of the ADA. (*See* Memorandum and Order at 5, Dkt. No. 84 (finding that counts two, three, eight, nine, ten, and eleven arise under Title II). "To successfully state a claim under Title II of the ADA, a person 'must demonstrate: (1) [she] is a qualified individual; (2) with a disability; (3) [who] was excluded from participation in or denied the benefits of the services, programs, or activities of a *public entity*, or was subjected to discrimination by any such entity; (4) by reason of his disability.'" *Haberle v. Troxell*, 885 F.3d 170, 178 (3d Cir. 2018) (emphasis supplied) (citation omitted). Title II does not govern the conduct of private entities. *See Graham v. Rawley*, No. CIV.A. 14-6743, 2015 WL 3660770, at *4 (D.N.J. June 11, 2015) (citation omitted). "A 'public entity' is defined, in relevant part, as 'any department, agency, special purpose district, or other instrumentality of a State or States or local government.'" *Bowers v. Nat'l Collegiate Athletic Ass'n*, 9 F. Supp. 2d 460, 474 (D.N.J. 1998) (quoting 42 U.S.C. § 12131). A "'private entity' is defined to capture everything which is not a 'public entity.'" *Id.*

Here, there is no genuine dispute as to whether Defendant is a private entity. (*See* Amended Compl. ¶ 7 ("[206 Courthouse LLC] is a *privately* owned Limited Liability Company ('LLC') that owns and leases this Courthouse to the Defendant County of Ocean") (emphasis supplied)). The parties agree that 206 Courthouse LLC is a privately-owned company that owned and leased the County of Ocean the property in which the subject courthouse facility operated. (*Id.*; *see also* Moving Br. (ECF No. 88)). Thus, since Title II does not govern the conduct of private entities,

Defendant is entitled to summary judgement dismissal of Plaintiff's claims two, three, eight, nine, ten, and eleven, all arising under Title II.

    ii.      Title III of the ADA

In count one, Plaintiff alleges a violation of Title III of the ADA. "In order to be subject to Title III of the ADA, a potential defendant must be '[a] person [or private entity] who owns, leases (or leases to), or operates a place of public accommodation.'" *Bowers*, 9 F. Supp. 2d at 480 (quoting 42 U.S.C.A. § 12182). "A . . . 'place of public accommodation' is a 'facility operated by a private entity whose operations affect commerce and fall within at least one of the . . . categories [listed in 42 U.S.C. § 12181(7)(A–L)]. *Id.* at 481 (citing 28 C.F.R. § 36.201). In relevant part, the categories listed in 42 U.S.C. § 12181(7) include places of public gathering. 42 U.S.C. § 12181(7)(D). Moreover, Department of Justice regulations provide that "[b]oth the landlord who owns the building that houses a place of public accommodation and the tenant who owns or operates the place of public accommodation are public accommodations subject to the requirements of [Title III]."[2] 28 C.F.R. § 36.201. Finally, a place of public accommodation facility encompasses "all or any portion of buildings, structures, sites, complexes, equipment, rolling stock or other conveyances, roads, *walks, passageways, parking lots*, or other real or personal property, including the site where the building, structure, or equipment is located." *Bowers*, 9 F. Supp. 2d at 481 (emphasis supplied) (citing 28 C.F.R. § 36.104).

As an initial matter, the Court finds that Defendant is subject to Title III of the ADA. In particular, the Court is satisfied that Defendant is a private entity that leased to the County of

---

[2] This Court may be guided by the Department of Justice regulations cited herein, "the promulgation of which was expressly authorized by the [ADA]." *Bowers*, 9 F. Supp. 2d at 481.

Ocean the property in which a place of public accommodation operated (the subject courthouse facility).

"Title III begins with a '[g]eneral rule' that '[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation.'" *McGann v. Cinemark USA, Inc.*, 873 F.3d 218, 222 (3d Cir. 2017) (quoting 42 U.S.C. § 12182(a)). "The term 'discrimination' is not directly and uniformly defined in Title III." *Id.* (quoting *Menkowitz v. Pottstown Mem'l. Med. Ctr.*, 154 F.3d 113, 116 (3d Cir. 1998)). "Instead, the statute provides several general prohibitions, which bar broad categories of conduct that constitute discrimination for purposes of the general rule found in 42 U.S.C. § 12182(a)." *Id.* (citation and quotation marks omitted). These general prohibitions include, *inter alia*, denying an individual on the basis of a disability "the opportunity of the individual . . . to participate in or benefit from the . . . facilities [or] accommodations of an entity." *Id.* (citing 42 U.S.C. § 12182(b)(1)(A)(i)).

Case law interpreting the ADA is very clear, however, that Plaintiff has no right under the ADA "to park [her] car in an area that would not be available to [her] if [she] were not disabled." *Douris v. Newtown Borough, Inc.*, 207 Fed. App'x 242, 244 (3d Cir. 2006). Indeed, "nothing in the [ADA], its purpose, or the regulations can reasonably be read to give disabled parkers access to areas that would not be available to them if they were not disabled." *Kornblau v. Dade County*, 86 F.3d 193, 196 (11th Cir. 1996); *see also Tater-Alexander v. Cty. of Fresno*, No. 1:10-CV-01050, 2010 WL 3260143, at *6 (E.D. Cal. Aug. 18, 2010) (citation omitted) ("The ADA does not entitle disabled persons to park in no-parking zones.").

Here, Plaintiff alleges that she was deprived of parking in a "privately owned parking lot located immediately adjacent to the subject Courthouse." (Amended Compl. at 10). Defendant

7

does not own that privately-owned parking lot. Rather, Defendant leases three parking spaces from the owner of said lot, which it, in turn, leases to the County of Ocean pursuant to Article VI of the Lease. The County of Ocean does not make the Parking Spaces available to the public, as they are reserved for a chancery judge and two staff members. There is a parking facility 150 feet from the subject courthouse which includes spaces accessible to Plaintiff.

In short, the Court finds that the ADA does not compel Defendant to afford Plaintiff parking in a privately-owned parking lot that Defendant does not own. Moreover, Plaintiff would not have access to these Parking Spaces if she were not disabled, including the three spots that were reserved for court staff. Since the protections of the ADA do not extend to areas that would not be available to Plaintiff if she were not disabled (*see Douris*, 207 Fed. App'x at 244; *Kornblau*, 86 F.3d at 196), Defendant is entitled to summary judgment dismissal of count one.

In addition, the Court also finds that Defendant is entitled to summary judgment dismissal of count one because Plaintiff is not seeking injunctive relief (Amended Compl. at 15). "Injunctive relief is the only relief available under Title III of the ADA." *Bowers v. Nat'l Collegiate Athletic Ass'n*, 130 F. Supp. 2d 610, 614 (D.N.J. 2001) (citing 42 U.S.C. § 12188). Here, however, Plaintiff is purportedly seeking compensatory damages, attorneys' fees, interest, restitution, and punitive damages. (Amended Compl. at 15). Thus, dismissal of the claim is warranted for this additional reason. *See Graham*, 2015 WL 3660770, at *4.

iii. <u>Additional Counts</u>

Plaintiff also pleads additional state law claims. Since there are no other federal claims, the Court, in its discretion, declines to exercise supplemental jurisdiction over the remaining state law claims. *Stone v. Martin*, 720 F. App'x 132, 136 (3d Cir. 2017). As such, Defendant is entitled to summary judgment dismissal of the remaining counts four, five, six, and seven.

## II. DISMISSAL OF THIS ACTION UNDER FED. R. CIV. P. 41 IS ALSO APPROPRIATE

At the December 16, 2019 hearing, in which Plaintiff failed to appear, Defendant submitted on the record that this action should be dismissed because of Plaintiff's failure to prosecute and comply with the October 17, 2019 order setting a summary judgment briefing schedule (ECF No. 95), among other reasons. Indeed, pursuant to Fed. R. Civ. P. 41(b), "[i]f the plaintiff fails to prosecute or to comply with . . . a court order, a defendant may move to dismiss the action or any claim against it."[3] Fed. R. Civ. P. 41(b).

The Third Circuit has instructed district courts to consider the six factors promulgated in *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984) before dismissing a case with prejudice pursuant to Rule 41(b) or for any other punitive purpose. *See Knoll v. City of Allentown*, 707 F.3d 406, 409 (3d Cir. 2013) (collecting cases); *In re Asbestos Prod. Liab. Litig. (No. VI)*, 718 F.3d 236, 246 (3d Cir. 2013); *Lynn*, 379 F. App'x at 125; *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992). In particular, the *Poulis* court cautioned that dismissal is a drastic sanction and may be appropriately invoked only after careful analysis of the following factors:

> (1) the extent of the *party*'s personal *responsibility;* (2) the *prejudice* to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a *history* of dilatoriness; (4) whether the conduct of the party or the attorney was *willful* or in *bad faith;* (5) the effectiveness of sanctions other than dismissal, which entails an analysis of *alternative sanctions;* and (6) the *meritoriousness* of the claim or defense.

*Poulis*, 747 F.2d at 868 (3d Cir. 1984) (emphasis in original); *see also Dunbar v. Triangle Lumber & Supply Co.*, 816 F.2d 126, 128 (3d Cir. 1987). "*Poulis* requires the District Court

---

[3] Notwithstanding Defendant's oral application, it is well-established that a district court has the authority to dismiss an action *sua sponte* pursuant to Fed.R.Civ.P. 41(b). *Lynn v. Tucci*, 379 F. App'x 124, 125 (3d Cir. 2010) (citations omitted).

9

only to balance the six factors and does not set one factor forth as determinative." *Chiarulli v. Taylor*, No. CIV 08-4400 JBS/AMD, 2010 WL 1371944, at *4 (D.N.J. Mar. 31, 2010) (citing *Poulis*, 747 F. 2d at 868-70), *report and recommendation adopted,* No. CIV08-4400 JBS/AMD, 2010 WL 1566316 (D.N.J. Apr. 16, 2010); *In re Asbestos Prod. Liab. Litig. (No. VI)*, 718 F.3d at 246. Accordingly, "[e]ach *Poulis* factor need not be satisfied for the District Court to dismiss a complaint." *Hayes v. Nestor*, No. CIV. 09-6092 NLH/AMD, 2013 WL 5176703, at *6 (D.N.J. Sept. 12, 2013) (collecting cases); *Mindek*, 964 F.2d at 1373. "Instead, the decision must be made in the context of the district court's extended contact with the litigant." *Mindek*, 964 F.2d at 1373. With these precepts in mind, the Court will now turn to an examination of each *Poulis* factor, considered in light of the Court's extended contact with Plaintiff.[4]

### i. PLAINTIFF'S PERSONAL RESPONSIBILITY

Decisional case law holds that a *pro se* plaintiff is personally responsible for delays in his or her case and for failing to comply with court orders. *See, e.g., Briscoe v. Klaus*, 538 F.3d 252, 258 (3d Cir. 2008). Accordingly, Plaintiff bears the responsibility for her repeated failures: (1) to appear at the two prior hearings scheduled for October 17, 2019 and December 16, 2019, respectively; (2) to meet summary judgment briefing deadlines; and (3) to otherwise comply with the Court's October 17, 2019 order. Thus, this factor weighs in favor of dismissal.

### ii. PREJUDICE TO DEFENDANT

Examples of prejudice in this context generally include "the irretrievable loss of evidence, the inevitable dimming of witnesses' memories, or the excessive and possibly irremediable burdens or costs imposed on the opposing party." *Adams v. Trustees of New Jersey Brewery Employees' Pension Tr. Fund*, 29 F.3d 863, 874 (3d Cir. 1994). To be clear,

---

[4] Plaintiff has litigated approximately thirty-four (34) prior cases before this Court.

"[h]owever, prejudice is not limited to 'irremediable' or 'irreparable' harm." *Briscoe*, 538 F.3d at 259 (collecting cases). In this case, Plaintiff's claims against Defendant have been pending since 2017. In the Court's view, continuing to forestall resolution of the motion for at least several more months may inevitably lead to prejudice because it will require Defendant to maintain litigation counsel. Accordingly, this factor also weighs in favor dismissal.

    iii.    PLAINTIFF'S HISTORY OF DILATORINESS

In *Poulis*, the court held:

> Time limits imposed by the rules and the court serve an important purpose for the expeditious processing of litigation. If compliance is not feasible, a timely request for an extension should be made to the court. A history . . . of ignoring these time limits is intolerable.

*Poulis*, 747 F.2d at 868. Here, Plaintiff's requests for adjournments are usually made at the "eleventh hour" with little or no notice to Defendant's counsel. Thus, this factor favors dismissal.

    iv.    PLAINTIFF'S BAD FAITH

Although it is true that Plaintiff ignored briefing schedules and repeatedly provided either little or no notice that she was seeking an adjournment, the Court does not find that Plaintiff's conduct can be fairly characterized as "flagrant bad faith," particularly in view of her allegations of critical health issues impacting her and her husband. *See Poulis*, 747 F.2d at 868-69, *Briscoe*, 538 F.3d at 262. Accordingly, this factor weighs against dismissal.

    v.    THE EFFECTIVENESS OF ALTERNATIVE SANCTIONS

"A District Court must consider the availability of sanctions alternative to dismissal." *Briscoe*, 538 F.3d at 262 (citing *Poulis*, 747 F.2d at 869). Generally, where an attorney has caused the delay in the proceedings, the district court may, in the alternative to dismissal, impose monetary sanctions on the attorney. *Id.* However, where a plaintiff is proceeding *pro se*, and

there is no attorney upon whom the court could impose said sanctions, a district court does not abuse its discretion in finding that there are no alternative sanctions available to it, particularly where, as here, it is unclear whether Plaintiff is capable of paying monetary sanctions in light of her recent bankruptcy. *Id.* at 262-63. Accordingly, this factor weighs in favor of dismissal.

    vi.    THE MERITORIOUSNESS OF PLAINTIFF'S CLAIMS

*Poulis* instructs that summary judgment standards are not necessary in considering whether a claim or defense appears to be meritorious for purposes of this inquiry. *Poulis*, 747 F.2d at 869. Rather, "[a] claim, or defense, will be deemed meritorious when the allegations of the pleadings, if established at trial, would support recovery by plaintiff or would constitute a complete defense." *Id.* at 869-70. "Generally, in determining whether a plaintiff's claim is meritorious, [the Third Circuit] use[s] the standard for a Rule 12(b)(6) motion to dismiss for failure to state a claim." *Briscoe*, 538 F.3d at 263 (citing *Poulis*, 747 F.2d at 869-70). Here, the allegations in the complaint do not support a plausible theory of recovery by Plaintiff, and the complaint would therefore be dismissed on a Fed. R. Civ. P. 12(b)(6) motion. In particular, whether analyzed under Rule 12(b)(6) or Rule 56, the gravamen of the Court's holding would not (and cannot) change—that is, dismissal is warranted because the ADA does not compel Defendant to afford Plaintiff parking in a privately-owned parking lot of which Defendant does not own. Accordingly, this factor weighs in favor of dismissal.

In sum, in weighing all of the *Poulis* factors, the Court finds that dismissal of this action with prejudice is warranted.

## CONCLUSION

For the reasons discussed *supra* Point I., summary judgment dismissal of this action is warranted. Notwithstanding, Defendant is also entitled to dismissal of Plaintiff's complaint under Fed. R. Civ. P. 41(b) pursuant to *Poulis* and its progeny. Plaintiff's motion seeking a "stay, continuance, and rescheduling" of this of this matter (ECF No. 98) is denied as moot.

## ORDER

Having carefully reviewed and taken into consideration the submissions of the parties, as well as the arguments set forth on the record; and for good cause shown; and for all of the foregoing reasons;

IT IS on this 7 day of January, 2020;

**ORDERED** that Defendant's motion for summary judgment (ECF No. 88) is **GRANTED**; and it is further

**ORDERED** that, in the alternative, the complaint is dismissed with prejudice pursuant to Fed. R. Civ. P. 41(b); and it is further

**ORDERED** that Plaintiff's motion seeking a "stay, continuance, and rescheduling" of this matter (ECF No. 98) is **DENIED**; and it is further;

**ORDERED** that the Clerk of Court shall transmit a copy of the Memorandum and Order to Mrs. Marasek via email (topsrus10@gmail.com), as requested by her; and it is further

**ORDERED** that the Clerk of Court is directed to close this file.

_____
PETER G. SHERIDAN, U.S.D.J.